**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IPHARMACY.MD and
TERRY L. BUTLER,

      Plaintiffs,

vs.                                                                              CASE NO. 8:06-cv-2063-T-17TBM

ALBERTO R. GONZALES,
KAREN P. TANDY,
MARK W. EVERSON,
and PAUL PEREZ,

      Defendants.

_____/

<u>**ORDER ON MOTION TO DISMISS**</u>

      This matter is before the Court on Defendants' Motion to Dismiss, filed on January 29, 2007 (Dkt. 15), and Plaintiffs' Response thereto (Dkt. 19).  For the reasons below, this Court grants the Motion to Dismiss.  The following facts are accepted as true for the purpose of resolving the pending motion.

<u>BACKGROUND AND PROCEDURAL HISTORY</u>

      In October, 2003, Plaintiff, Terry L. Butler, owner and President of the company, began operating the website Ipharmacy.MD (herein called Ipharmacy), and, acted as an internet intermediary for the distribution of controlled substances to customers after an online consultation with a licensed American physician   Ipharmacy adopted a policy of requiring patients to fill out online questionnaires to prevent and avoid the over prescribing of medication. Ipharmacy contracted with physicians and pharmacists to prescribe and issue these prescriptions.

      The government concluded that Iphamacy's business practice failed to satisfy the policy of the Drug Enforcement Administration (DEA). After consulting with its interpretive guideline on the Controlled Substances Act (CSA) and 21 C.F.R. § 1306.04(a), the DEA concluded that it

is unlikely that a legitimate doctor-patient relationship could be formed, for purposes of the prescription requirement, between an online doctor and a patient, whose only indirect contact has been the submission of an on-line questionnaire. See 66 Fed. Reg. 21,181,21,183 (Apr. 27, 2001).  After finding probable cause to believe that Plaintiffs' business was illegitimate, Defendants obtained a search warrant on July 20, 2005, for Terry L. Butler's residence and seized items, property and bank accounts relating to Ipharmacy.md.  Mr. Bulter and his entity Ipharmacy filed a complaint in this action on October 31, 2006. Now Plaintiffs allege that Defendants' action, which resulted in the complete cessation of Plaintiffs' business were illegal because the DEA implemented a policy to regulate Plaintiffs' business beyond the granted authority under the CSA. Pursuant to the Federal Declaratory Act, 28 U.S.C. § 2201, the Plaintiffs, request this Court to review and declare that the DEA's interpretation of the CSA is incorrect. The Plaintiffs also challenge the civil forfeiture of its property.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiffs can prove no set of facts that would entitle him to relief.  Am. Ass'n of People with Disabilities v. Smith, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. Ancata v. Prison Health Services, Inc., 769 F. 2d 700, 703 (11th Cir. 1985). All the allegations in a complaint must also be accepted as true when a court evaluates whether a complaint has presented sufficient facts to overcome a motion of dismissal. Hishon v. King & Spalding, 467 U.S. 69 (1984).  A dismissal of the complaint is appropriate when, on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action.  Executive 100, Inc. v. Martin County, 922 F.2d 1156 (11th Cir. 1991). A trial court is required to view the complaint in the light most favorable to the Plaintiffs. Scheuer v. Rhodes, 416 U.S. 232, 104 S. Ct. 2229, 81 L. Ed. 2d 59, 104 (1974).

DISCUSSION

This matter raises three issues pertaining to establishing jurisdiction of this court: (1) whether the complaint presents a ripe dispute; (2) whether Defendants' actions amount to final agency action; and (3) whether the hardship encountered by Plaintiffs are sufficient to invoke the Administrative Procedure Act exception.

*No Ripeness Dispute*

The instant complaint does not present a ripe dispute, sufficient for judicial review by the trial court. "The ripeness doctrine is drawn both from Article III limitations on judicial power, and from prudential reasons for refusing to exercise jurisdiction." National Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003). The ripeness doctrine prevents courts from handling abstract disagreements over administrative policies, and also protects agencies from judicial interference until a formalization of an administrative decision and its effects are felt in a concrete way by the challenging parties. Abbott Labs v. Gardner, 387 U.S. 136, 148-49 (1967). The ripeness determination of an administrative decision requires "fitness" of the issue for a judicial decision and "hardship" to the parties of withholding court consideration. National Park Hospitality Ass'n, 538 U.S. at 808. Here, the Plaintiffs dispute and request this Court to review DEA's interpretation of the Controlled Substances Act and to declare them invalid. Before a court applies a legal standard to determine the legitimacy of a legal interpretation, there must be a concrete set of facts. Here, however, the facts presented in the complaint are subject to further development and verification. The DEA still has yet to discover sufficient facts to determine whether Mr. Butler and Ipharmacy carried out illegal business activities. The court in Duke Power concluded that its case was ripe for adjudication because its case would "be in no better position later". Duke Power Co. v. Carolina Envtl. Study Group, Inc., 438 U.S. 59, 82 (1978). Here, however, the legal question of whether a legitimate doctor-patient exists and whether Mr. Butler is liable for unlawful distribution of controlled substances depends on the development of unambiguous facts. Thus, a delayed resolution in this case would be beneficial because further factual development would considerably assist the Court's ability in resolving the issues at hand. This Court is not ready to conclude that the issue presented by Plaintiffs is "fit" for review in this declaratory judgment.

*Hardship to the Party Considered*

Plaintiff's hardship is not sufficient to invoke the Administrative Procedure Act (APA) exception. A narrow exception to the APA "ripeness" rule applies when a substantive rule, which as a practical matter, requires the Plaintiffs to adjust his conduct immediately. <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 891 (1990). However, the hardship of the loss of business is "different in kind and legal effect from the burdens attending what heretofore has been considered to be final agency action." <u>FTC</u>, 449 U.S. at 242 (1980). The Plaintiffs argue that DEA's enforcement of its policy amounts to final agency action because its' policy was particularly directed at Ipharmacy and significantly disrupted Plaintiffs' business. Plaintiffs allege that the two-year delay since Defendants seized Plaintiffs' assets was a strategy Defendants utilized to completely shut down Ipharmacy.  Plaintiffs also allege that Defendants' actions completely disabled the capabilities to restart the business, by discouraging its former vendors to conduct businesses with Ipharmacy. This Court acknowledges that the seizure of funds and property resulted in the Plaintiffs' loss.  However, the government's interest in the proper administration of justice is grave.

The court in <u>Abbot Laboratories v. Gardner</u> granted a pre-enforcement judicial review pursuant to the APA and the Declaratory Judgment Act when it found that the regulation promulgated by the Government required immediate and significant change in the Plaintiffs' conduct with serious penalties attached to noncompliance. <u>Abbott Laboratiries v. Gardner</u>, 387 U.S. 136, 154 (1967).  However, the facts in Abbott are distinguishable from this case. Unlike the regulations in <u>Abbot</u>, DEA's policy here does not force Plaintiffs to risk serious criminal and civil penalties for noncompliance or modify its business practices.  Secondly, "the effect of the judicial review sought by the Plaintiffs is likely to interfere with the proper functioning of the agency and a burden for the courts". Judicial review was also necessary in Abbot only because agency policy amounted to final agency action.  <u>FTC</u>, 449 U.S. at 242 (1980). In addition, hasty judicial intervention into the agency process may deny the agency an opportunity to correct its mistakes and to apply its expertise.  <u>Id.</u> at 242.  Intervention may also lead to piecemeal review, which at the least is inefficient, and upon completion of the agency process might prove to have been unnecessary. <u>McGee v. United States</u>, 402 U.S. 479, 484 (1971).  The Plaintiffs argue that the loss of business is a great financial loss, sufficient to invoke the APA hardship exception. However, this Court is not ready to find the "possibility" or actual financial loss itself to be of

4

sufficient interest to sustain a judicial challenge". <u>Abbott</u> 387 U.S. at. 153. For the forgoing reasons, it is in the interest of this Court to await further factual findings for a proper outcome.

*No final agency action*

The facts in the complaint fail to satisfy the two required conditions as promulgated by the APA for an administrative decision to qualify as final agency action. The APA requires that the decision making process of the agency be final and that its decision directly determines the rights and obligations of the Plaintiffs. See <u>FTC v. Standard Oil Co.</u>, 449 U.S. 232, 242 (1980). Here, the DEA's decision to initiate an investigation on Ipharmacy and Mr. Butler is not final but only interlocutory in nature. In addition, the filing of a complaint has not determined any rights and obligations of the Plaintiffs. <u>Id.</u> at 242. The DEA's action was simply an initial step for further investigation that may or may not be litigated.  Hence, no legal consequences can flow out of it at this point.

The DEA's interpretive guideline on determining "doctor patient relationship" under Controlled Substance Act (herein called CSA) also does not qualify as a "final determination" under Section 877 because it does not directly impose obligations and order sanctions in the event of a violation of the CSA. The circuit court in <u>Oregon</u> held that the interpretive rule issued by the Attorney General pursuant to the CSA is a final determination for jurisdictional purposes only if the rule imposed obligations and sanctions. See <u>Oregon v. Ashcroft</u>, 368 F.3d 1118, 1220 (9th Cir. 2004).  Here however, there is no indication that DEA policy imposed any obligations and sanctions upon the Plaintiffs. The DEA went only as far as to file a civil forfeiture complaint upon probable cause to initiate an investigation. This Court finds no final agency action in DEA's policy or it's civil forfeiture action.

The general policy of deterring third-parties from illegal internet pharmacies challenge only a general program rather than a particular agency action. To determine when an agency action is final, courts look to whether its impact "is sufficiently direct and immediate and has a direct effect on the day-to-day business". <u>Franklin v. Massachusetts</u>, 505 U.S. 797 (1992).  The court must also determine whether any agency has completed its decision-making process. <u>Id.</u> at 797.  Here, the effects suffered by Plaintiffs are traced to Defendants' actions. However, it was not as a result any final determination or decision.  The indirect effect suffered by Plaintiffs

turned entirely on the voluntary decisions of third parties not to do business with illegal enterprises. Such effect on Plaintiffs do not suffice to qualify an agency's awareness campaign as a reviewable final agency action.  Flue-Cured Tobacco Coop. Stabilization Corp. v. EPA, 313 F.3d 852, 859 (4th Cir. 2002).  The court in FTC even suggested that the agency's publicity campaign must be directed at, and intended as, a sanction against a particular party. Trudeau v. FTC, 384 F. 281, 289-290 (D.D.C. 2005). Here, the DEA intended to only deter third-parties from engaging in illegal business. There is no indication that its campaign was directed at one party.  There is also no indication of a completion of a decision making process that fixed any rights or obligations on Ipharmacy. It is in the best interest of the courts to review to insure that rights of the parties are protected but not at the expense of impeding a pending investigation and interfering with the separation of powers.  For the foregoing reasons, this Court concludes that generalized allegations of DEA's publicity campaign against Internet pharmacies alone do not establish jurisdiction.

### Civil forfeiture, not final agency action

The APA jurisdictional standard precludes Plaintiffs from a collateral challenge to forfeiture action because the filing of a forfeiture complaint does not amount to final agency action. Genendo Pharmaceutical N.V. v. Thompson, 308 F. Supp. 2d 885, 2003. "The two essential prerequisites to judicial review of agency action under this section, in absence of other statutory provision, are: (1) final agency action and (2) no other adequate remedy in a court". Klein v. Commissioner of Patents of U.S. 474 F.2d 821, 824 (C.A.4, 1973). The DEA commenced the civil forfeiture proceeding against Plaintiffs' property only after finding probable cause to believe that Mr. Butler's property was used in the commission of, or is the proceeds of, several offenses under the Controlled Substances Act.  Probable cause also existed that Plaintiffs knowingly issued prescription drugs absent a legitimate medical purpose. For further investigation, the United States seized Plaintiffs' property. The Plaintiffs' complaint fails to state reasons why the civil forfeiture complaint and seizure of Plaintiffs' property constitute final agency action.

The APA also precludes jurisdiction over challenge to forfeiture if a party has either exhausted its remedy by motion or another adequate legal remedy exists.  Town of Sanford v. U.S. 140 F.3d 20, 23 (1st Cir. 1998). The Defendants allege that Plaintiffs already filed a

statement of right in the forfeiture proceeding, thereby, exhausting its remedy of motion.  If this is true, the APA may preclude Plaintiffs' jurisdiction challenging forfeiture. United States v. Eubanks, 169 F. 3d 672, 674 (11th Cir. 1999). However, whether filing the statement of right against forfeiture is sufficient legal remedy is irrelevant here because the complaint fails to demonstrate final agency action. Controlled Substances Act also limits judicial review of final agency decisions to the court of appeals and not the trial court. See 21 U.S.C. §  877. Because Plaintiffs failed to prove final agency action, this Court dismisses Plaintiffs' request to review the civil forfeiture action by the Untied States.

Although we grant Defendants' the motion to dismiss, Defendants may benefit by considering the statute of limitations on charging the Defendants for illegal activity. It has been almost two years since the seizure of Plaintiffs' property. Plaintiffs have borne the burden of loss in business interest by awaiting the determination of the legality of Plaintiffs' business and the possibility of needing a judicial determination of the legitimacy of DEA's policy. It would be in the best interest of this Court and the parties to see the DEA carryout its investigations with efficiency and good faith.

<u>CONCLUSION</u>

While the Defendants correctly applied legal standards for determining the "fitness" of the issues for declaratory judgment and correctly argued that DEA's actions did not amount to final agency action, the Plaintiffs failed to rebut Defendants' arguments and failed to demonstrate hardship to invoke the APA exception. I, therefore, find that, the Court has no jurisdiction to hear this case.  Accordingly, it is

**ORDERED** that Defendants' Motion for Dismiss (Dkt. 56) be **GRANTED**.  The Clerk of Court is **DIRECTED** to dismiss this case with prejudice and close the case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 14th day of June, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record